IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMMUNITY STATE BANK, et al., | |
| Petitioners, | |
| v. | 1:04-cv-2608-WSD |
| JAMES STRONG, | |
| Respondent. | |

## ORDER

This matter is before the Court on Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction [3], Petitioners' Unopposed Motion to Extend Time [5],[1] and Petitioners' Motion Requesting Substitution of Exhibit B to Petitioners' Verified Petition to Compel Arbitration and Stay Judicial Proceedings [14].[2]

---

[1] Petitioners move for an extension of time to respond to Respondent's Motion to Dismiss [5]. Petitioners' Motion to Extend Time is unopposed, and is GRANTED *NUNC PRO TUNC*.

[2] This Court's Standing Order 04-02 requires that personal identifiers such as financial account numbers and home address information be redacted from documents filed with the Court and made available to the public through the Court's electronic filing system. Exhibit B to Petitioners' Verified Petition to Compel Arbitration and Stay Judicial Proceedings contains personal identifiers and

**I.     BACKGROUND**

This case arises out of a loan transaction between Petitioners Community State Bank, Cash America Financial Services, Inc., Cash America International, Inc., Georgia Cash America, Inc. and Daniel Feehan (collectively, "Petitioners") and Respondent James Strong ("Respondent") in early 2004.  Petitioner Community State Bank is a South Dakota state-chartered bank insured by the Federal Deposit Insurance Corporation ("FDIC"), and its principal place of business is in South Dakota.  (See Verified Petition to Compel Arbitration and Stay Judicial Proceedings [1] ("Petition"), ¶ 1.)  Petitioner Cash America Financial Services, Inc. ("Cash America") is a Delaware corporation.  (Petition ¶ 2.)  Cash America acts as a servicer for Petitioner Community State Bank in marketing, servicing and collecting payday loans through its affiliate, Petitioner Georgia Cash America, Inc. ("Georgia Cash America"), a Georgia corporation which owns and operates payday stores in this State.  (Id.)  Petitioner Daniel Feehan, the Chief Executive Officer of Cash America and Georgia Cash America, is a Texas resident.

---

violates Standing Order 04-02.  Petitioners move the Court to substitute a redacted version of Exhibit B for the original.  Petitioners' Motion Requesting Substitution of Exhibit B to Petitioners' Verified Petition to Compel Arbitration and Stay Judicial Proceedings is GRANTED.

(Id. at ¶ 3.)  Respondent is a Georgia resident.  (Id. at ¶ 4.)  The loan in question is a typical "payday" loan:  a small, short-term, high-interest loan in an amount under $500.  The Promissory Note for this loan includes an Arbitration Provision, which provides that all claims and disputes with respect to the loan must be individually resolved through binding arbitration.  (Id. at Ex. B.)

On August 6, 2004, Respondent filed an action in the State Court of Cobb County, Georgia, alleging the payday loan transaction violated Georgia statutory and common law (the "State-Court Action").  On behalf of himself and all recipients of alleged payday loans from Petitioners for the last five (5) years, Respondent asserts claims against Petitioners Cash America, Georgia Cash America and Feehan under various Georgia statutes, including the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-4-1 et seq. ("Georgia RICO"), as well as common-law claims for conversion and conspiracy.  Respondent does not assert any federal-law claims in the State-Court Action, and did not name Petitioner Community State Bank or any national or state-chartered, FDIC-insured bank as a defendant in that action.

On August 31, 2004, pursuant to the Arbitration Provision, Petitioners served a Notice of Intent to Arbitrate on Respondent's counsel, stating that the claims

-3-

asserted by Respondent in the State-Court Action are subject to mandatory arbitration.  (Petition ¶¶ 30-31, Ex. C.)  On September 1, 2004, Respondent's counsel rejected the Notice and advised Petitioners that Respondent intended to move forward with the State-Court Action.  (Id. at ¶ 32, Ex. D.)  This prompted two actions by Petitioners.  First, Petitioners Cash America, Georgia Cash America and Feehan removed the State-Court Action to this Court and subsequently moved to stay and compel arbitration of the claims asserted in that case.  (See Strong v. Georgia Cash America Inc., et al., 1:04-cv-02611-WSD (N.D. Ga.), [1].)  Second, Petitioners initiated an independent cause of action in this Court by filing the Petition.  These two cases have proceeded along parallel tracks in this Court.

On September 14, 2004, Respondent moved to dismiss this case for lack of subject-matter jurisdiction.  (Resp't's Mot. to Dismiss [3].)  On September 17, 2004, Respondent moved the Court to remand the State-Court Action to the Cobb County State Court, arguing that the grounds for removal jurisdiction set out in the Notice of Removal do not support the exercise of federal jurisdiction.  (See Strong, 1:04-cv-02611-WSD, [4].)  On December 13, 2005, the Court granted Respondent's motion to remand the State-Court Action to the Cobb County State

Court.  (See Strong, 1:04-cv-02611-WSD, [38].)[3]  Respondent's motion to dismiss for lack of jurisdiction is now before the Court for decision.

## II.   DISCUSSION

This case is one of several actions filed in this Court by Georgia payday stores and the out-of-state, state-chartered banks they serve.  The other actions are Community State Bank, et al. v. Strong, et al., 1:04-cv-02609-WSD (N.D. Ga.), and Advance America, Cash Advance Centers of Georgia, Inc. v. King, et al., 1:04-cv-02765-WSD (N.D. Ga.).  In each of these cases, the petitioners seek to compel arbitration of the state-law claims asserted against them by the respondents in the various Georgia state-court proceedings, and the respondents have moved to dismiss the petitions for lack of subject-matter jurisdiction.  The jurisdictional issues raised by, and the arguments made in support of and in opposition to, the respondents' motions to dismiss in this case and Community State Bank, 1:04-cv-02609-WSD, are the same.[4]

---

[3]   Because the Court determined that it lacked removal jurisdiction in the State-Court Action, it did not decide the motion to stay and compel arbitration filed in that case.  The motion to stay and compel arbitration presumably is now before the Cobb County State Court for determination.

[4]   The petitioner in Advance America, 1:04-cv-02765-WSD, asserts claims under the Declaratory Judgment Act, as well as claims under the FAA.  These

The Court today has entered an order in Community State Bank, 1:04-cv-02609-WSD, granting the respondents' motion to dismiss for lack of subject-matter jurisdiction in that case. (See Community State Bank, 1:04-cv-02609-WSD, [27].) Because the arguments made in support of and in opposition to Respondent's Motion to Dismiss for Lack of Subject-Matter Jurisdiction in this case are the same as the arguments made in support of and in opposition to the respondents' motion to dismiss in Community State Bank, 1:04-cv-02609-WSD, the order in that case applies with equal force here. (Compare Resp't's Br. in Supp. of Mot. to Dismiss [3] and Pet'rs' Opp'n to Mot. to Dismiss [7] with Community State Bank, 1:04-cv-02609-WSD, [3, 8].) Accordingly, for the reasons set out in the Court's order in Community State Bank, 1:04-cv-02609-WSD, Respondent's Motion to Dismiss for Lack of Subject-Matter Jurisdiction is GRANTED.

### III. CONCLUSION

For the foregoing reasons,

---

claims for declaratory relief raise jurisdictional issues not present in this case or Community State Bank, 1:04-cv-02609-WSD.

**IT IS HEREBY ORDERED** that Petitioners' Motion to Extend Time [5] is **GRANTED** *NUNC PRO TUNC*.

**IT IS FURTHER ORDERED** that Petitioners' Motion Requesting Substitution of Exhibit B to Petitioners' Verified Petition to Compel Arbitration and Stay Judicial Proceedings [14] is **GRANTED**. The Clerk of Court is **DIRECTED** to **STRIKE** the original Exhibit B to Petitioners' Notice of Removal and **INSERT** in its place the redacted version of Exhibit B attached to Petitioners' Motion.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss [3] is **GRANTED**. This case is **DISMISSED** and the Clerk of Court is **DIRECTED** to close this matter.

**SO ORDERED**, this 7th day of February, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE